# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

TIMOTHY S. THERRIEN,                )
                                    )
                                    )
            Plaintiff,              )
                                    )
V.                                  )    Case No. 06-CV-217-JHP-FHM
                                    )
TARGET CORPORATION,                 )
a Minnesota corporation,            )
                                    )
                                    )
            Defendant.              )

**OPINION AND ORDER**

Now before the Court is the Defendant's Motion to Exclude Plaintiff's Expert (Dkt. #153), Plaintiff's Response to said motion, and Defendant's Reply. Additionally, the parties have supplied the court a transcript of Plaintiff's expert, J. Patrick Murphy's ("Murphy"), deposition testimony. A *Daubert* hearing was held on February 12, 2009. Defendant seeks to exclude Murphy's testimony on the grounds that his opinions do not meet the requirements set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) Kuhmo Tire Co., Ltd., 526 U.S. 137 (1999).* Specifically, Defendant contends Murphy's opinions are unreliable, do not assist the trier of fact, and seek to invade the province of the Court and jury.

"It is now well established that Fed.R.Evid. 702 imposes on a district court a gatekeeper obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).* This gatekeeper function requires the judge to assess the reasoning and methodology underlying the

expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts. *Id*. at 592-93. The Supreme Court has made clear that "where [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question ... the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999)(quoting *Daubert,* 509 U.S. at 592).

To be reliable under *Daubert,* an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not "subjective belief or unsupported speculation." *509 U.S. at 590*. In other words, "an inference or assertion must be derived by the scientific method ... [and] must be supported by appropriate validation – i.e. 'good grounds,' based on what is known." *Id*. While expert opinions "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation, ... absolute certainty is not required." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir. 1995)(quotation omitted). "The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community." *Mitchell v. Gencorp Inc.,* 165 F.3d 778, 781 (10th Cir. 1999). Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements. *Id.*

To assist in the assessment of reliability, the Supreme Court has listed four nonexclusive factors that the trial court may consider: (1) whether the opinion at issue is susceptible to testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards

controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community. *Daubert, 509 U.S. at 593-94.* As noted, the list is not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors. *Kuhmo Tire, 526 U.S. at 150.* ("[W]e can neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert* ... Too much depends upon the particular circumstances of the particular case at issue.").

Generally, the district court should focus on an expert's methodology rather than the conclusions it generates. *Daubert,509 U.S. at 595.* However, an expert's conclusions are not immune from scrutiny: "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert.").* Under *Daubert*, "any step that renders the analysis unreliable ... renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Mitchell, 165 F.3d at 782 (quoting In re Paoli RR. Yard PCB Litigation, 35 F.3d 717, 745 (3d Cir. 1994).* It is critical that the district court determine "whether the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist." *Id*. at 783 *(quoting Rosen v. Ciba-Geigy Corp., 78 F.3d 316, 318 (7th Cir. 1996).* Regardless of the specific factors at issue, the purpose of the *Daubert* inquiry is always "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Khumo Tire, 526 U.S. at 152.*

This Court, after review of the record, including the testimony of Mr. Murphy and the

Report prepared by him on February 22, 2008, concludes his testimony may be admitted during the trial of this matter.  Defendant does not challenge  Murphy's credentials.  Murphy's report is based not based upon general knowledge or principles, but upon a thorough review of information specific to this case. To the extent that Target raises questions about Murphy's foundation, such concerns go to the weight rather than the admissibility of his testimony.  *See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").*  Murphy's testimony may very well assist the trier of fact.  *See Werth v. Makita Elec. Works, Ltd., 950 F.2d 643, 648 (10th Cir. 1991)(under Fed.R.Civ.P. 702 the touchstone of admissibility is helpfulness to the trier of fact).*   As a result, Murphy's testimony  meets the test for admissibility of expert testimony under Rule 702 of the Federal Rules of Evidence and the standards set forth by the United States Supreme Court in *Daubert* and *Kuhmo.*

Accordingly, Defendant's Motion to Exclude the Testimony of Defendants' Expert, (Dkt.#153) is denied.

**IT IS SO ORDERED this 12th day of February, 2009.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma